[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION TO STRIKE
This lawsuit stems from the sale of residential real estate alleged to be defective due to a leaking roof. The plaintiffs, Richard D. Winston and Geneva Winston ("Winston") have brought an eight count Revised Complaint against Constance Hande, Administratrix d.b.n., c.t.a. of the Estate of Matthew Krashan, Constance Hande individually (herinafter collectively referred to as "Hande"), Alida May Krasham, Lynnea Teresa Krashan, John Joseph Krashan, and Jack A. Halprin Associates, Inc. Hande has moved to strike 1). Geneva Winston as a plaintiff due to lack of "privity" and 2) counts one through six of the Revised Complaint for failure to state a claim upon which relief may be granted.
While Hande has filed a memorandum in support of her motion to strike, the memorandum does not address the claim that Geneva Winston should be stricken as a plaintiff. Notwithstanding the deficiency in the supporting memorandum, it is clear from the Revised Complaint that Geneva Winston acquired her interest in the subject property after: 1) the contract for sale was entered into between Hande and Richard Winston, and 2) the alleged misrepresentations about the roof were made to Richard Winston. According to paragraph 11 of the Revised Complaint, Richard Winston purchased the property on April 1, 1996. Paragraph 13 of the Revised Complaint asserts CT Page 5621 that, Richard Winston quit claimed the property to himself and Geneva Winston on April 11, 1996. By virtue of these allegations, Geneva Winston was not in privity of contract with Hande at the time of the contract or conveyance. Moreover, none of the alleged representations about the roof were made directly or indirectly to Geneva Winston. Accordingly, the motion to strike her as a plaintiff is granted.
Hande's argument to strike counts one through six of the Revised Complaint is that the property was purchased "As Is" and was inspected by Richard Winston prior to purchase. These claims go to the factual support for the plaintiff allegations as opposed to their legal sufficiency. In a motion to strike, the court must construe the facts alleged in the complaint most favorably to the plaintiff. Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215 (1992). Whether the plaintiff's proof is inadequate to support the allegations in counts one through six is a different question. The existence of genuine issues of material fact is a matter to be raised by a motion for summary motion and not a motion to strike. Accordingly the motion to strike counts one, two, three, four, five and six is denied.
So ordered at New Haven, Connecticut this 26th day of May, 1999.
Devlin, J.